IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ANGEL VALERIANO,

    Petitioner,

v.                                                                               No. 1:15-cv-01278-JDB-egb
                                                                               Re.  1:13-cr-10092-JDB-3

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING AMENDED § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

    Petitioner, Angel Valeriano, has filed an amended motion to vacate, set aside, or correct his sentence (the "Amended Petition"). (Docket Entry ("D.E.") 7.)[1] For the following reasons, the Amended Petition is DENIED.

BACKGROUND

    In October 2013, a federal grand jury sitting in the Western District of Tennessee returned a two-count indictment charging Valeriano and other individuals with conspiring to distribute and possess with intent to distribute methamphetamine, cocaine, and marijuana (Count 1), in violation of 21 U.S.C. §§ 841(a)(1) and 846, and aiding and abetting the distribution, attempt to distribute, possession with intent to distribute, and attempt to possess with intent to distribute methamphetamine, cocaine, and marijuana (Count 2), in violation of 21 U.S.C. § 841(a)(1) and 18

---

[1]Unless otherwise noted, record citations in this order are to Case No. 1:15-cv-01278-JDB-egb.

U.S.C. § 2. (*United States v. Valeriano*, No. 1:13-cr-10092-JDB-3 (W.D. Tenn.), D.E. 4.) A six-count superseding indictment was returned in November 2013, charging Valeriano in Counts 1, 2, 4, and 5. (*Id.*, D.E. 116.) Counts 1 and 2 were unchanged from the original indictment and Counts 4 and 5 charged him, respectively, with possession with intent to distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(a) and 924(a). The charges stemmed, in part, from the Defendant's[2] role in cutting methamphetamine for distribution by co-defendant Roman Morales-Garza. (Presentence Report (the "PSR") ¶¶ 7-19.)

The Defendant was represented by attorney Scott G. Kirk throughout the district court proceedings. (D.E. 16-1.) In April 2014, the Court granted the Government's motion to dismiss Count 4 of the superseding indictment. (No. 1:13-cr-10092-JDB-3, D.E. 303.) The Defendant remained charged in Counts 1, 2, and 5.

In September 2014, Valeriano entered a guilty plea to Count 2 of the superseding indictment. (*Id.*, D.E. 437.) By the terms of his written plea agreement, he waived his right to appeal his sentence except in limited circumstances, acknowledged that his guilty plea could affect his immigration status, "affirm[ed] he want[ed] to plead guilty regardless of any immigration consequences," and agreed that he would "not seek . . . a further reduced sentence pursuant to 18 U.S.C. § 3582(c) based on Amendment 782." (*Id.*, D.E. 440 ¶¶ 8-9.) For its part, the

---

[2] In discussing the criminal case, the Petitioner will sometimes be referred to as the "Defendant."

Government agreed to dismiss the remaining counts and not oppose a reduction in the Defendant's offense level for acceptance of responsibility. (*Id.*, D.E. 440 ¶¶ 2, 4.)

The plea agreement also addressed the Defendant's cooperation:

> The Government agrees to advise the probation office and the court of the extent and nature of the defendant's cooperation. The defendant's agreement to cooperate with the government is made pursuant to [United States Sentencing Guidelines] 1B1.8(a) & (b). If the defendant provides full, complete, truthful, and substantial cooperation to the government, the government reserving the right to make the decision on the nature and extent of the defendant's cooperation, then the Government agrees to consider moving for a downward departure under [United States Sentencing Guideline] § 5K1.1, 18 U.S.C. § 3553(e), or Rule 35 of the Federal Rules of Criminal Procedure. Both parties acknowledge that the district court has the power to deny a motion for downward departure. The defendant hereby agrees that the Government does not promise, by the terms of this agreement, to file a Section 5K1.1, 18 U.S.C. § 3553(e) or Rule 35 motion.

(*Id.*, D.E. 440 ¶ 6.)

The section of the document titled "**AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE**" provided as follows:

> The defendant understands and agrees that the Court will make the final determination of facts as to any sentence and as to any mitigating or aggravating factors concerning the sentence to be imposed. Adverse rulings by the Court shall not be grounds for the withdrawal of the defendant's guilty plea or to appeal any sentence imposed. The Court is not limited to consideration of the facts and events provided by the Government.

(*Id.*, D.E. 440 ¶ 10 (emphasis in original).)

In anticipation of sentencing, the United States Probation Office calculated an advisory imprisonment range of 100 to 135 months under the United States Sentencing Commission Guidelines Manual ("Guidelines," "Sentencing Guidelines," or "U.S.S.G."). (PSR ¶ 55.) The range reflected reductions in the Defendant's offense level for his acceptance of responsibility, *see*

U.S.S.G. § 3E1.1, as well as a two-level increase under U.S.S.G. § 2D1.1(b)(1) for his having possessed a firearm in connection with the offense. (*Id.* ¶¶ 25, 31.)

In his position statement, defense counsel objected to the application of the firearm enhancement. (No. 1:13-cr-10092-JDB-3, D.E. 503 at PageID 885-87.) He argued that "the weapon found near [the Defendant's] mattress was kept by him for protection such that the enhancement should not apply." (*Id.*, D.E. 503 at PageID 887.) Counsel also urged "the Court to consider that [the Defendant] is subject to deportation as a result of his conviction in this matter." (*Id.*, D.E. 503 at PageID 888.)

At the sentencing hearing conducted on January 20, 2015, defense counsel called Valeriano as a witness to testify in support of the objection. (*Id.*, D.E. 547 at PageID 997-1002.) The Court ruled in the Defendant's favor, finding that the prosecution had not established grounds for application of the enhancement. (*Id.*, D.E. 547 at PageID 1005.) The resulting Guidelines imprisonment range was determined to be eighty-seven to 108 months. (*Id.*, D.E. 547 at PageID 1008.) The Court imposed a below-Guidelines sentence of eighty months' incarceration and three years of supervised release. (*Id.*, D.E. 506.) Valeriano took a direct appeal, which was dismissed due to his appellate waiver. (*Id.*, D.E. 573.)

DISCUSSION

In November 2015, the inmate filed a motion to vacate, set aside, or correct his sentence (the "Petition"), in which he asserted the following claims:

> Claim 1: Counsel rendered ineffective assistance by "fail[ing] to move the court for a downward departure base[d] on Valeriano's s[ta]tus as a deportable alien." (D.E. 1 at PageID 1.)

Claim 2: Counsel rendered ineffective assistance by "fail[ing] to argue that the District Court had discretion to depart[] downward under U.S.S.G. 5K2.0 on the basis of Valeriano's willingness to consent to deportation." (*Id.* at PageID 2.)

Claim 3: "Valeriano['s] conviction was based [on] insufficient evidence [because] there was no physical evidence produced against him and his conviction was based solely on the testimony of an unreliable witness." (*Id.*)

Claim 4: Counsel rendered ineffective assistance at the plea stage by inducing Valeriano to plead guilty based on his erroneous promise that the sentence would be "no more than 50 months" of incarceration. (*Id.*)

On December 12, 2016, the Court ordered Petitioner to refile his claims on the Court's official § 2255 form. (D.E. 5.) The inmate filed the Amended Petition on the Court's form, asserting the following claims:

Claim 5: "[C]ounsel rendered ineffective assistance . . . because he did not request from the Government a Motion pursuant to Rule 35(b) Fed. R. Crim. P., once [Petitioner] cooperat[ed] with the Government." (D.E. 7 at PageID 15.)

Claim 6: "[C]ounsel rendered ineffective assistance . . . at the plea bargain stage" by "not deal[ing] properly with the Governm[en]t[] for a better plea agreement and/or cooperation agreement." (*Id.* at PageID 16.)

Claim 7: "[C]ounsel rendered ineffective assistance . . . when [he] did not investigate the evidence[] against" Petitioner.[3] (*Id.* at PageID 18.)

Respondent, the United States of America, filed a response to the claims set forth in both the Petition and the Amended Petition, arguing that all are without merit. (D.E. 16.) The

---

[3]The Amended Petition asserts entirely new claims. Even liberally construed, the claims set forth in the Petition are not within the scope of the Amended Petition's claims. Because the inmate has not indicated that he sought to merely supplement the Petition's claims, the Amended Petition supersedes the Petition. *See* Fed. R. Civ. P. 15(a); *see also Braden v. United States*, 817 F.3d 926, 931 (6th Cir. 2016) (petition not superseded where amended petition "referred to and adopted the prior petition"). The Court therefore deems Claims 1 through 4 to be waived. The Court nevertheless determines that Claims 1, 2, and 4 are without merit in any event, and that Claim 3 is non-cognizable. All claims have been renumbered herein for clarity.

Government also submitted a letter from defense counsel explaining his efforts and decision-making during the time he represented Petitioner. (D.E. 16-1). Valeriano filed a reply, maintaining that counsel performed deficiently in advising him to plead guilty and that, but for counsel's conduct, he would have "insisted on going to trial." (D.E. 17 at PageID 69.)

I. Legal Standards

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). "In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required," however, "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* A petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A § 2255 claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). To succeed on such a claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be

whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. A court considering a claim of ineffective assistance must apply "a strong presumption" that counsel's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). Prejudice is shown where there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

II. Ineffective Assistance at the Plea Stage: Claims 4, 6, and 7

Petitioner asserts that counsel rendered ineffective assistance at the plea stage by erroneously promising him that he would receive a fifty-month, below-Guidelines sentence in exchange for his guilty plea and cooperation, failing to negotiate "for a better plea agreement and/or cooperation agreement" (D.E. 7 at PageID 16), and not investigating his case. He maintains that these unprofessional errors prejudiced him because they induced him to plead guilty.

In his letter, counsel represents that he "made a prediction" about the sentence most likely to be imposed, but never promised his client a specific sentence. (D.E. 16-1 at PageID 59.) With regard to Valeriano's cooperation, he points out that "there was no assurance the government would make [a substantial assistance] motion but rather the possibility [that] it was forthcoming."

7

(*Id.* at PageID 59-60.) Counsel does not address Petitioner's claim that he did not adequately investigate the case.

*Strickland*'s two-part test applies to a claim that counsel was ineffective at the plea stage of the criminal proceedings. *Rodriguez-Penton v. United States*, 905 F.3d 481, 485-86 (6th Cir. 2018). "Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

The United States Supreme Court held in *Hill* that a petitioner demonstrates prejudice in the plea context by establishing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. The Sixth Circuit recently determined that a petitioner may also establish prejudice by showing that, had he been properly advised by counsel during the plea negotiations, he "would have bargained for a more favorable plea." *Rodriguez-Penton*, 905 F.3d at 488.

Here, Petitioner's argument that he is entitled to relief from his conviction on the ground that counsel erroneously promised him a fifty-month sentence is unavailing. To begin with, the allegation of a sentencing promise is conclusory and, therefore, inadequate to establish deficient performance. Although Valeriano identifies the alleged promise with specificity, he does not state where and when the promise was uttered, or whether there was a third-party witness to the event. *See, e.g.*, *Blackledge v. Allison*, 431 U.S. 63, 75-77 (1977) (holding district court erred in summarily dismissing petitioner's claim that counsel had promised him a certain sentence where petitioner elaborated on his claim by "indicat[ing] exactly what the terms of the promise were;

8

when, where, and by whom the promise had been made; and the identity of one witness to its communication"); *see also Craig v. United States*, 513 F. App'x 487, 491 (6th Cir. 2013) (distinguishing *Blackledge* and finding that petitioner's allegation that his attorney "advised him that he would not receive a life sentence if he pleaded guilty" was "conclusory" because "[t]he timing [was] not identified, other than 'during the plea process'"); *see also generally O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, [were] not sufficient to warrant a hearing" on petitioner's claim that counsel had promised him a certain sentence).

The general allegation that counsel promised a specific sentence is also belied by the record in Petitioner's criminal case. The plea agreement did not contain a sentence recommendation and, in fact, explicitly provided that no specific sentence was promised. (No. 1:13-cr-10092-JDB-3, D.E. 440 ¶¶ 1, 10.) By signing the agreement, Valeriano acknowledged that he was "satisfied that all acts and/or any omissions of counsel for the defense have been the result of reasonable professional judgment and that [he] ha[d] been provided adequate legal representation in t[he] case." (*Id.*, D.E. 440 ¶ 11.)

At the change of plea hearing, Petitioner testified under oath that he had reviewed the plea agreement with his attorney, understood its terms, signed it voluntarily, and understood the consequences of pleading guilty. (*Id.*, D.E. 475 at PageID 816-18, 822-23, 831.) The prosecutor read the agreement's terms in open court, and Valeriano testified that he understood those terms and was entering his guilty plea freely and voluntarily. (*Id.*, D.E. 475 at PageID 823-27, 831.) He also represented that he was satisfied with his attorney's advice and that no one had promised him a specific sentence. (*Id.*, D.E. 475 at PageID 815, 831.)

A petitioner's sworn testimony is presumed to be truthful and is a "formidable barrier" to collateral relief. *Blackledge*, 431 U.S. at 74. To the extent the prisoner insists, despite his testimony, that counsel led him to expect a fifty-month sentence, the Court cured any misunderstanding. The Court informed him that his maximum possible sentence was twenty years in prison, or thirty years if he had a prior drug felony, and that the Court would determine his sentence after consideration of the PSR and other factors established by Congress. (No. 1:13-cr-10092-JDB-3, D.E. 475 at PageID 820, 828-29.) When asked whether he understood these things, he answered "Yes." (*Id.*, D.E. 475 at PageID 820, 829.) *See Cadavid-Yepes v. United States*, 635 F. App'x 291, 299-300 (6th Cir. 2016) (quoting *Ramos v. Rogers,* 170 F.3d 560, 565 (6th Cir. 1999)) (petitioner was not prejudiced by counsel's misrepresentation that he would receive a "time served" sentence where the "proper plea colloquy 'cure[d] any misunderstanding [petitioner] may have had about the consequences of his plea'"). Counsel's alleged promise of a fifty-month sentence thus cannot be said to have prejudiced Petitioner.

The claim that counsel was ineffective by failing to negotiate "better" terms regarding cooperation also does not entitle Valeriano to relief. Most notably, he does not identify the purportedly "better" terms he believes counsel should have secured. But even assuming he means that his attorney should have secured a *promise* by the Government to move for a downward departure based on his cooperation, his assumption that such a guarantee would have been forthcoming had counsel tried harder is mere speculation.

A district court may, on motion of the government, reduce a sentence to reflect a defendant's substantial assistance in the investigation or prosecution of another. 18 U.S.C. §

3553(e); Fed. R. Crim. P. 35(b); U.S.S.G. § 5K1.1.[4]  Whether the government moves for a sentence reduction based on substantial assistance is a matter of discretion, subject only to constitutional limitations, and the district court has no authority to lower a sentence based on the defendant's assistance absent a motion by the government. *Wade v. United States,* 504 U.S. 181, 185-86 (1992); *United States v. Hawkins*, 274 F.3d 420, 426 (6th Cir. 2001) (per curiam).  In many plea agreements, the government refers to the possibility of a motion under § 3553(e), § 5K1.1, or Rule 35(b), but ultimately reserves discretion to determine whether the motion is appropriate.  *See United States v. Watson,* 988 F.2d 544, 552 n.3 (5th Cir. 1993).

That is what happened in Valeriano's case.  The plea agreement explicitly stated that the Government was not promising to move for a downward departure based on the Defendant's cooperation, and further stipulated that the prosecution was retaining its "right to make the decision on the nature and extent of [his] cooperation."  (No. 1:13-cr-10092-JDB-3, D.E. 440 ¶ 6.) Nothing in the record in this or the underlying criminal case suggests that the prosecution was amenable to giving up its considerable discretion.  The assumption that counsel could have talked the government into doing so is "rank speculation, sheer conjecture, and wishful thinking."  *Lujan v. United States*, Nos. 4:00-cr-023, 4:03-cv-053, 2006 WL 2706790, at *8 (E.D. Tenn. Sept. 15,

---

[4]Eighteen U.S.C. § 3553(e) states that, "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."  18 U.S.C. § 3553(e).  Rule 35(b) provides that, "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."  Fed. R. Crim. P. 35(b).  Section 5K 1.1 allows the court to "depart from the [G]uidelines" "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1.

2006) (rejecting as speculative petitioner's claim that counsel could have negotiated a more favorable plea); *see also United States v. Chan Ho Shin*, 891 F. Supp. 2d 849, 857 (N.D. Ohio 2012) (rejecting petitioner's claim that counsel was ineffective for failing to negotiate a better plea deal where it was mere "[s]peculation that the [prosecutor] would have agreed" to more favorable terms).

In his final assertion of attorney ineffective assistance at the plea stage, the prisoner alleges that counsel did not investigate his case and that, had he done so, he would have discovered "the elements of the charged offense were not pertinent to" him as "his role in the offense, amongst other elements and sentencing factors, d[id] not appear correctly." (D.E. 17 at PageID 68-69.) The claim provides no relief.

Although courts are to liberally construe *pro se* pleadings, where "claims are stated in the form of conclusions without any allegations of fact in support thereof," a § 2255 petition is "legally insufficient to sustain a review." *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (per curiam); *accord Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012) ("merely conclusory allegations of ineffective assistance . . . are insufficient to state a constitutional claim"). Valeriano does not explain what he believes his role in the offense actually was or what evidence a further investigation would have revealed. His assertion that counsel performed deficiently in his investigation of the case is therefore not well pleaded.

Because the inmate has not shown that his attorney rendered ineffective assistance at the plea stage, Claims 6 and 7 are DENIED. Claim 4, which has been waived, is also without merit.

12

III.   Ineffective Assistance at Sentencing:   Claims 1 and 2

Valeriano avers that counsel was ineffective by failing to argue for a downward departure from the Guidelines range on the grounds that he was subject to deportation and would willingly consent to deportation. He insists that, but for counsel's failures, he would have received a lower sentence.

With regard to these deportation issues, Respondent has submitted defense counsel's explanation that

> we obviously knew as did the court that [Valeriano] was an "illegal" and that he would be deported once he completed his sentence. I am not familiar with a downward departure for agreeing to go ahead and be deported. There is no question he would have preferred that result but it has always been my understanding that if they break the law the government prefers they serve the sentence imposed as a deterrent rather than just deport them.

(D.E. 16-1 at PageID 60.)   The Government argues that Petitioner has not established that counsel rendered ineffective assistance, as the assertions of deficient performance and prejudice are unsupportable.   The Court agrees.

*Strickland*'s two-part test applies to claims that counsel was ineffective at sentencing. *See Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007). To meet the prejudice prong in the sentencing context, a petitioner must show a reasonable probability that, but for counsel's deficient performance, he would have received a lower sentence. *Id.* (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

"A district court's decision to depart downward is controlled by" § 3553(b). *United States v. Bostic*, 371 F.3d 865, 874 (6th Cir. 2004). The statute provides that, with limited exceptions, a "court shall impose a sentence of the kind, and within the range [determined by the Guidelines] unless the court finds that there exists an aggravating or mitigating circumstance of a

kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the [G]uidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1). Before a court departs from the Guidelines range, it "must determine that the case falls outside of the heartland of cases in [that] range." *Bostic*, 371 F.3d at 874 (citing *Koon v. United States,* 518 U.S. 81, 98 (1996)).

Valeriano does not explain why counsel should have explicitly argued at the sentencing hearing that his deportability warranted a downward departure.[5] Liberally construing the claim, however, the Court assumes he is suggesting that deportation is a form of punishment and that prison is harsher for him compared to other prisoners because, "as a deportable alien, he cannot participate in drug rehabilitation programs per [Bureau of Prisons] policy, and . . . is not eligible for early release or spending the last part of his sentence in a halfway house." *United States v. Lopez*, Crim. Action No. 08-CR-226-JMH-CJS, Civ. Action No. 10-CV-7108-JMH-CJS, 2011 WL 2173939, at *11 (E.D. Ky. Mar. 16, 2011), *report and recommendation adopted*, Crim. Action No. 5:08-226-JMH-CJS, Civ. Action No. 5:10-7108-JMH-CJS, 2011 WL 2173770 (E.D. Ky. June 2, 2011); *see also United States v. Ebolum,* 72 F.3d 35, 38 (6th Cir. 1995) (deportable alien argued for a downward departure on the basis that his status rendered him "ineligible for certain prison programs").

Nor can he show that his attorney performed deficiently by failing to press at the sentencing hearing the fact of his likely deportation as a basis for a lower sentence. Although "a circuit split exists as to whether a defendant's status as a deportable alien, and the collateral prison

---

[5]As previously noted, counsel argued in his written position statement that the Court should take Valeriano's likely deportation into consideration in devising a sentence.

consequences associated with that status, is a proper basis for a downward departure," the Sixth Circuit "has not taken a position on the issue."[6] *Lopez*, 2011 WL 2173939, at *12 (citing *United States v. Mendez,* 362 F. App'x 484, 488 n.4 (6th Cir. 2010)); *see also United States v. Monje-Vasquez*, ___ F. App'x ___, 2019 WL 625546, at *1 (6th Cir. Feb. 14, 2019) (acknowledging "there is no binding law requiring a district court to" consider the defendant's eventual deportation as a sentencing factor); *United States v. Odeh*, 815 F.3d 968, 983-84 (6th Cir. 2016) (noting the Sixth Circuit has "not yet addressed whether deportation is a permissible factor" at sentencing). Accordingly, Valeriano's attorney, who successfully argued for a downward departure based on other considerations, is not to be faulted for failing to also include his client's deportability as a ground for a lower sentence. *See, e.g., Lopez*, 2011 WL 2173939, at *12 ("counsel's failure to argue a departure" on the ground that the defendant was "a deportable alien[] [subject to] collateral prison consequences associated with that status" was not deficient performance, "[a]s the Sixth Circuit has not recognized either of th[ose grounds] as a basis for downward departure").

Moreover, the inmate has not established that he was prejudiced by counsel's conduct. More to the point, there exists no reasonable probability that, had counsel done more to emphasize his deportability as a sentencing consideration, this Court would have departed downward even further than it did. As previously noted, a defendant seeking a downward departure must show that his circumstances are outside the "heartland" of cases reflected in the Guidelines. *Bostic*, 371 F.3d at 874. Valeriano has not "offer[ed any] facts that in any way distinguish his situation from that of other deportable aliens, or from other groups who are also ineligible for certain prison

---

[6]The circuit split is explored in *United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *3 (E.D.N.Y. Sept. 24, 2014).

programs." *See Lopez*, 2011 WL 2173939, at *12. This Court was aware at the time it devised the sentence that the Defendant was a deportable alien and understood that his status might foreclose his access to certain services while in prison. (*See* No. 1:13-cr-10092-JDB-3, D.E. 547 at PageID 1017.)

Petitioner has also failed to establish that counsel was ineffective for failing to argue for a downward departure on the ground that his client was willing to be deported. The inmate relies on U.S.S.G. § 5K2.0, which "provide[s] a catch-all provision" for a reduction in offense level "for circumstances not adequately taken into consideration by other sections of the [G]uidelines." *United States v. Estrada-Chavez*, Crim. Action No. 3: 11-005-DCR, Civ. Action No. 3: 12-7217-DCR, 2012 WL 5178182, at *5 (E.D. Ky. Oct. 18, 2012).

As Respondent correctly points out, counsel's failure to argue at sentencing that Valeriano was willing to be deported was not deficient performance, as there is no indication on the record, and Petitioner has not suggested, that he had a non-frivolous basis for challenging deportation. *See id.* (counsel did not render ineffective assistance by failing to argue, pursuant to U.S.S.G. § 5K2.0, that defendant would stipulate to deportation, where petitioner "neither alleged nor offered any evidence that . . . he had any legitimate reason to contest deportation following service of his term of incarceration," relying on *United States v. Clase-Espinal,* 115 F.3d 1054, 1058 (1st Cir. 1997) ("[A]n alien criminal defendant with no plausible basis for contesting deportation . . . does not meet the atypicality requirement for a section [U.S.S.G. § ] 5K2.0 departure simply by relying upon whatever administrative convenience presumably may result from a stipulated deportation.")); *see also United States v. Caneva*, No. 04-80562, 2006 WL 1155259, at *2 (E.D. Mich. May 1, 2006) ("[A]bsent a colorable defense to deportation, an offer of waiver is an empty

gesture that does not take the defendant outside the heartland of cases involving a deportable alien.")

For these reasons, the Court determines that Claims 1 and 2, which have been waived, are without merit.

IV.  Ineffective Assistance Regarding Rule 35 Motion:  Claim 5

Valeriano contends that counsel provided ineffective assistance by failing to ask the Government to reward his cooperation through the filing of a Rule 35(b) motion for a reduced sentence.  The claim fails.

There is, firstly, no support for the inmate's allegation that counsel performed deficiently by failing to ask the Government to make the motion.  His attorney does not deny that he did not follow up with the Government regarding a Rule 35 motion but explains that he withdrew his representation shortly after entry of judgment because Valeriano raised his effectiveness as an issue on appeal.  (D.E. 16-1; *see also United States v. Valeriano*, No. 15-5121, D.E. 5 (6th Cir. Feb. 5, 2015)).  Counsel further states that the prosecutor "did hold open the possibility of a Rule 35 motion 'if something develops,' but [he] took that to be something that would come from the government and not [him]self."  (D.E. 16-1 at PageID 60.)  Petitioner does not offer any specific factual allegations to undermine counsel's explanations.

And even assuming deficient performance, the inmate has not shown a basis for the motion, and thus has not established he was prejudiced by his lawyer's conduct.  The only support he offers for his contention that he provided substantial assistance is his allegation that he "was debriefed by the Government more than one time."  (D.E. 7 at PageID 15.)  That fact, however, reveals nothing about the substance of the assistance provided.  In contrast, counsel has explained

17

why the Government did not view his assistance as substantial: "His information involved other suspects [as to whom] no prosecution was currently underway and the government expressed no interest in going after these individuals. They did not need his help in the case he was charged in." (D.E. 16-1 at PageID 60.)

In addition, as discussed above, the United States retained sole discretion to file a substantial assistance motion. Where the United States declines to file such a motion, its decision may be reviewed only "for unconstitutional motives." *United States v. Moore,* 225 F.3d 637, 641 (6th Cir. 2000). Valeriano does not allege any such motivation on the part of the prosecution.

Under these circumstances, there was no viable basis for compelling the Government to move for a reduced sentence. In addition, the prisoner received a sentence below the applicable Guidelines range and cannot establish that the Court would have departed further had the Government filed a substantial assistance motion. Claim 5 is DENIED.

V. Insufficiency of the Evidence: Claim 3

Valeriano submits that the evidence was insufficient to convict him of aiding and abetting the distribution and possession of controlled substances, arguing that "there was no physical evidence produced against him and his conviction was based solely on the testimony of an unreliable witness." (D.E. 1 at PageID 2.) The claim is not properly before the Court.

The Sixth Circuit "has repeatedly held that the sufficiency of evidence to support a conviction may not be collaterally reviewed on a § 2255 proceeding." *Phillips v. United States*, No. 94-3495, 1994 WL 679363, at *2 (6th Cir. Dec. 5, 1994) (citing *United States v. Osborn,* 415 F.2d 1021, 1024 (6th Cir. 1969) (en banc)). Such a claim must, instead, be brought in a

defendant's direct appeal. *United States v. Shields*, 291 F.2d 798, 799 (6th Cir. 1961). Accordingly, Claim 3, which has been waived, is also non-cognizable.

For all these reasons, the Amended Petition is DENIED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal

would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[7]

IT IS SO ORDERED this 19th day of March 2019.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE

---

[7] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.